1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  WILLIE JENKINS,                      Case No. 1:25-cv-01125-CDB (PC)

12              Plaintiff,
                                         ORDER TO SHOW CAUSE IN WRITING
13        v.                             WHY ACTION SHOULD NOT BE
                                         DISMISSED FOR FAILURE TO EXHAUST
14  RODRIGUEZ, *et al.*,                 ADMINISTRATIVE REMEDIES

15              Defendants.
                                         **21-DAY DEADLINE**
16

17        **Background**

18        Plaintiff Willie Jenkins is a state prisoner proceeding pro se in this civil rights action

19  pursuant to 42 U.S.C. § 1983.  Plaintiff filed his complaint with this Court on September 4, 2025.

20  (Doc. 1).

21        In his complaint, Plaintiff attests that there are administrative remedies at the institution in

22  which he is incarcerated but that he did not submit a request for administrative relief for his claims,

23  and did not appeal his requests for relief to the highest level.  Plaintiff states that he did not do so

24  because "[t]hey kept denying it."  *Id.* at 2.

25        The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with

26  respect to prison conditions under . . . any other Federal law . . . by a prisoner confined in any jail,

27  prison, or other correctional facility until such administrative remedies as are available are

28  exhausted."   42 U.S.C. § 1997e(a).  Exhaustion of administrative remedies is mandatory and

1    "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citation

2    omitted).  The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v.*

3    *Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the

4    administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

5        Inmates are required to "complete the administrative review process in accordance with the

6    applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court."

7    *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006).  In California, state-inmate grievances are subject to

8    two levels of review.  *See* Cal. Code Regs. tit. 15, §§ 3481(a), 3999.226(a)(1).  Prisoners must

9    generally receive a disposition from the second level of review before administrative remedies are

10   deemed exhausted.  *See id.* §§ 3483, 3486, 3999.226(g); *but see id.* § 3483(*l*)(3).

11       In general, failure to exhaust is an affirmative defense that the defendant must plead and

12   prove.  *Jones*, 549 U.S. at 204, 216.  However, courts may dismiss a claim if failure to exhaust is

13   clear on the face of the complaint.  *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

14       Here, it appears clear based on Plaintiff's allegations that he did not properly exhaust his

15   administrative remedies prior to filing his complaint.  Specifically, as summarized above, Plaintiff

16   attests that he did not request administrative relief to the highest level available.

17       Accordingly, the Court will direct Plaintiff to make a written filing in which he sets forth

18   the reasons why this Court should not dismiss this action for his failure to exhaust administrative

19   remedies.

20

21                    *Remainder of This Page Intentionally Left Blank*

22

23

24

25

26

27

28

2

1    **Conclusion and Order**

2      Accordingly, it is HEREBY ORDERED that, **within 21 days** of the date of this Order,

3    Plaintiff shall show cause in writing why this action should not be dismissed for his failure to

4    exhaust administrative remedies.  Alternatively, Plaintiff may file a notice of voluntary dismissal.

5      **No requests for extension will be granted without a showing of good cause.  Failure to**

6    **comply with this order will result in a recommendation that this action be dismissed for**

7    **Plaintiff's failure to obey Court orders and failure to exhaust administrative remedies**.

8    IT IS SO ORDERED.

9     Dated: __September 5, 2025__                    _____

10                UNITED STATES MAGISTRATE JUDGE