1

2

3

4

5

6

7

8                                UNITED STATES DISTRICT COURT

9                                EASTERN DISTRICT OF CALIFORNIA

10

11    WILLIE JENKINS,                          Case No. 1:25-cv-01125-CDB (PC)

12              Plaintiff,
                                               FINDINGS AND RECOMMENDATIONS
13        v.                                   TO DISMISS ACTION WITHOUT
                                               PREJUDICE FOR FAILURE TO COMPLY
14    RODRIGUEZ, *et al.*,                      WITH COURT ORDERS AND FAILURE
                                               TO EXHAUST ADMINISTRATIVE
15              Defendants.                     REMEDIES

16
                                               (Doc. 4)
17
                                               **14-DAY DEADLINE**
18
                                               Clerk of the Court to Assign District Judge
19

20    **I.      Background**

21           Plaintiff Willie Jenkins is a state prisoner proceeding pro se in this civil rights action filed

22    under 42 U.S.C. § 1983.  On September 4, 2025, Plaintiff initiated this action with the filing a

23    complaint.  (Doc. 1).  At the same time, Plaintiff filed a motion to proceed *in forma pauperis*

24    ("IFP").  (Doc. 2).

25           On September 5, 2025, the undersigned issued an order to show cause, noting that Plaintiff

26    represented in his complaint that there were administrative remedies at the institution in which he

27    is incarcerated but that he did not submit a request for administrative relief, nor appeal his requests

28    to the highest level.  (*See* Doc. 4).  Because based on his pleadings it appeared reasonably clear

that Plaintiff had failed to exhaust administrative remedies prior to filing suit, the undersigned directed Plaintiff to respond in writing within 21 days as to why the action should not be dismissed for failure to exhaust administrative remedies. *Id.* at 3. Plaintiff was advised that "**[f]ailure to comply with this order will result in a recommendation that this action be dismissed for Plaintiff's failure to obey Court orders and failure to exhaust administrative remedies**." *Id.* (emphasis in original).

The order to show cause was served on Plaintiff. (*See* docket entry "service by mail," dated September 5, 2025). Plaintiff failed to file a response to the Court's order and the deadline to do so has passed. The undersigned finds dismissal without prejudice to be appropriate for both Plaintiff's failure to comply with the Court's orders and failure to exhaust.

## II.  Failure to Comply with Court Orders

### a. Governing Law

A pro se plaintiff must comply with orders of the court. Local Rule ("L.R.") 183. Failure to comply with a court order may be grounds for imposition of sanctions, including dismissal or any other sanction appropriate under the Local Rules. L.R. 110, 183. The district court's inherent power to control its docket also allows the court to impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *see* L.R. 110.

In considering whether to dismiss an action for failure to comply with a court order, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

### b. Discussion

The Ninth Circuit has explained that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Plaintiff has failed to advance and prosecute this case by responding to the Court's

2

order to show cause, thereby delaying resolution of this litigation. Accordingly, this factor weighs in favor of dismissal.

The Court's need to manage its docket also weighs in favor of dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Id.* Here, Plaintiff's failure to respond to the Court's order to show cause is delaying this case and interfering with docket management. Therefore, the second factor also weighs in favor of dismissal.

With respect to the third factor, the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643. Plaintiff's failure to comply with the Court's order and to prosecute this case is causing a delay. The third factor also weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further, unnecessary expenditure of its scarce resources. Given Plaintiff's incarceration, monetary sanctions would be of little efficacy. Moreover, at the early stage of these proceedings, the preclusion of evidence or witnesses is not appropriate. The Ninth Circuit has explained that "[a] district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). "A district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262.

Here, Plaintiff has been warned that failure to obey this Court's orders will result in a recommendation that this action be dismissed. (Doc. 4 at 3). Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of imposing the harshest possible sanction of dismissal with prejudice.

The fifth factor, the public policy favoring the disposition of cases on their merits,

1  ordinarily weighs against dismissal.  *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d

2  1217, 1228 (9th Cir. 2006).  However, because Plaintiff has disregarded the Court's orders, this

3  factor does not, therefore, weigh completely against dismissal.

4      After weighing these factors, the undersigned finds that dismissal without prejudice is

5  appropriate for Plaintiff's failure to comply with the Court's order.

6  **III.  Failure to Exhaust**

7      **a.  Governing Law**

8      The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought

9  with respect to prison conditions under . . . any other Federal law . . . by a prisoner confined in any

10  jail, prison, or other correctional facility until such administrative remedies as are available are

11  exhausted."  42 U.S.C. § 1997e(a).  Exhaustion of administrative remedies is mandatory and

12  "unexhausted claims cannot be brought in court."  *Jones v. Bock*, 549 U.S. 199, 211 (citation

13  omitted).  The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v.*

14  *Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the

15  administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

16      Inmates are required to "complete the administrative review process in accordance with the

17  applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court."

18  *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006).  In California, state-inmate grievances are subject to

19  two levels of review.  *See* Cal. Code Regs. tit. 15, §§ 3481(a), 3999.226(a)(1).  Prisoners must

20  generally receive a disposition from the second level of review before administrative remedies are

21  deemed exhausted.  *See id.* §§ 3483, 3486, 3999.226(g); *but see id.* § 3483(*l*)(3).

22      In general, failure to exhaust is an affirmative defense that the defendant must plead and

23  prove.  *Jones*, 549 U.S. at 204, 216.  However, courts may dismiss a claim if failure to exhaust is

24  clear on the face of the complaint.  *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014); *e.g.*,

25  *McBride v. Lopez*, 807 F.3d 982, 985 (9th Cir. 2015) (affirming dismissal of action "where the

26  prisoner's failure to exhaust is clear from the face of the complaint and the result would not be

27  altered by discovery.").

28  ///

1          **b. Discussion**

2          Here, it appears clear on the face of his complaint that Plaintiff has failed to exhaust

3   administrative remedies prior to filing suit.  Plaintiff attests that he did not submit a request for

4   administrative relief nor request said relief to the highest level available.  (Doc. 1 at 2).  Thus, he

5   has not complied with the requirement to exhaust administrative remedies.  *See Lipsey v. Diaz*, No.

6   1:21-CV-00787-SKO (PC), 2022 WL 138088, at *1 (E.D. Cal. Jan. 14, 2022) (recommending

7   dismissal when failure to exhaust was clear on the face of the complaint), *report and*

8   *recommendation adopted*, No. 1:21-CV-00787-AWI-SKO (PC), 2022 WL 675864 (E.D. Cal. Mar.

9   7, 2022); *Zinman v. Cogburn*, No. 1:24-CV-01320-CDB (PC), 2024 WL 4957791, at *2 (E.D. Cal.

10  Dec. 3, 2024) (same), *report and recommendation adopted*, No. 1:24-CV-01320 JLT CDB (PC),

11  2024 WL 5202143 (E.D. Cal. Dec. 23, 2024); *see also Roman v. Knowles*, No. 07cv1343-JLS

12  (POR), 2011 WL 3741012, at *7 (S.D. Cal. June 20, 2011) ("Plaintiff does not plead facts sufficient

13  to establish an intentional and systematic obstruction to administrative remedies that, on its own,

14  would render those remedies unavailable, and excuse his inability to exhaust them.").

15         Accordingly, because Plaintiff has failed to exhaust administrative remedies prior to filing

16  suit in compliance with the Prison Litigation Reform Act, and otherwise comply with this Court's

17  orders in responding to the show cause order, the undersigned will recommend dismissal of this

18  action without prejudice to Plaintiff's re-filing once his claims are exhausted.  *Baca*, 747 F.3d at

19  1166; *see* 42 U.S.C. § 1997e(a); E.D. Cal. Local Rule 110.

20      **IV.     Conclusion and Recommendation**

21         The Clerk of the Court is directed to randomly assign a District Judge.

22         For the foregoing reasons, it is hereby RECOMMENDED:

23         1.     This action be dismissed without prejudice for Plaintiff's failure to comply with

24  the Court's orders and failure to exhaust administrative remedies; and

25         2.     The Clerk of the Court be directed to close this case.

26         These Findings and Recommendations will be submitted to the United States District

27  Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

28  after being served with a copy of these Findings and Recommendations, a party may file written

objections with the Court. Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  **Any pages filed in excess of the 15-page limitation may be disregarded** by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **September 30, 2025**

_____

UNITED STATES MAGISTRATE JUDGE