UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE JENKINS,<br><br>   Plaintiff,<br><br> v.<br><br>RODRIGUEZ, *et al.*,<br><br>   Defendants. | Case No. 1:25-cv-01125-JLT-CDB (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 6, 7) |

### I. <u>**Background**</u>

Plaintiff Willie Jenkins is a state prisoner proceeding pro se in this civil rights action filed under 42 U.S.C. § 1983. On September 4, 2025, Plaintiff initiated this action with the filing a complaint. (Doc. 1). At the same time, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP"). (Doc. 2).

On September 5, 2025, the undersigned ordered Plaintiff to show cause why the action should not be dismissed because it appeared Plaintiff had failed to exhaust his administrative remedies, as required under the Prison Litigation Reform Act, prior to commencing this action. (Doc. 4). Specifically, Plaintiff represented in his complaint that there were administrative remedies at the institution in which he is incarcerated but that he did not submit a request for administrative relief, nor appeal his requests to the highest level. (*See id.*). After the deadline to respond to the order to show cause passed with no response by Plaintiff, the undersigned issued

findings and recommendations to dismiss the action without prejudice for failure to comply with court orders and because Plaintiff had failed to exhaust administrative remedies prior to filing suit. (*See* Doc. 6).

On October 3, 2025, Plaintiff timely filed objections to the findings and recommendations. (Doc. 7). Therein, Plaintiff represents that he did file a grievance but it was refused because it was not written correctly, despite the fact that it was written correctly. Plaintiff states that he tried to resubmit his grievance but was told that it could not be submitted "after 14 days," but he had "tried to submit it before the 14 days." *Id.* at 1.

## II.    Governing Law

"[A]dministrative remedies must ... be 'available'" to the prisoner. *Ross v. Blake*, 578 U.S. 632, 632 (2016). In *Ross*, the Supreme Court held that "an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Ross*, 578 U.S. at 642 (citing *Booth v. Churner*, 532 U.S. 731, 738 (2001)). The Court noted that there are "three kinds of circumstances in which an administrative remedy ... is not capable of use to obtain relief" and "when one (or more) [of these circumstances is present], an inmate's duty to exhaust 'available' remedies does not come into play." *Id.* at 643.

The *Ross* Court described this qualification (where an administrative remedy is deemed "unavailable") as follows: (1) where the process "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where the process is "so opaque that it becomes, practically speaking, incapable of use"; and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Storm v. Officer of California Governor*, No. 1:24-cv-00917-EPG (PC), 2024 WL 4216807, at *1-2 (E.D. Cal. Sept. 17, 2024) (citing *Ross*, 578 U.S. at 639, 643-44). "[S]uch interference with an inmate's pursuit of relief renders the administrative process unavailable." *Id.*

## III.    Discussion

Here, Plaintiff asserts in his response to the Court's show cause order that prison officials refused to accept his grievances. Although Plaintiff's assertion is not sworn under the penalty of

1 perjury, liberally construing the allegations in Plaintiff's complaint and based on Plaintiff's arguments as to the unavailability of administrative remedies in his objections to the findings and recommendations, the Court finds good cause to vacate the findings and recommendations. *See Creamer v. California State Prison Delano*, Case No. 1:23-cv-00139-CDB (PC), 2023 WL 2024859, at *1 (E.D. Cal. Feb. 15, 2023) ("Liberally construing this pro se filing, although not expressly stated, the Court understands Plaintiff to contend his failure to exhaust administrative remedies prior to filing suit is due to interference by prison officials with his efforts to complete the exhaustion process, thus making the exhaustion of administrative remedies unavailable to Plaintiff.").

As stated above and in the order to show cause, the failure to exhaust is an affirmative defense that plaintiffs must plead and prove. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *see* (Doc. 4 at 2). Thus, the Court makes no finding as to Plaintiff's access, recourse to, and exhaustion of administrative remedies at this stage of the proceedings, which may properly be addressed should this case proceed following screening of the complaint. *See Creamer*, 2023 WL 2024859, at *1; *e.g.*, *Kile v. Doerer*, Case No. 1:24-cv-01177-KES-SAB (PC), 2025 WL 604992, at *1 (E.D. Cal. Feb. 25, 2025) ("[B]ecause exhaustion of the administrative remedies is an affirmative defense, the Court makes no ruling as to whether Plaintiff has, in fact, exhausted the administrative remedies."); *Benanti v. Doerer*, No. 1:24-CV-01108-CDB (PC), 2025 WL 1308909, at *2–3 (E.D. Cal. May 6, 2025) (same).

Plaintiff's complaint will be screened in due course. *See* 28 U.S.C. § 1915A.

**IV.   Conclusion and Order**

Accordingly, it is HEREBY ORDERED that the findings and recommendations issued on September 30, 2025 (Doc. 6), are VACATED.

Plaintiff's complaint will be screened in due course.

IT IS SO ORDERED.

Dated:   **October 20, 2025**

UNITED STATES MAGISTRATE JUDGE